[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT BOYD'S
CT Page 1047MOTION FOR PERMISSION TO FILE A CLAIM FOR THE JURY LIST
This case came originally to court when the plaintiff Norwich Savings Society initiated a foreclosure action against various defendants including Rose Marie Boyd.
In their complaint the plaintiff alleges that the defendants have defaulted on a $300,000.00 promissory note. The payment of which was secured by a mortgage in favor of the plaintiff on property known as 25 Westwood Drive in the Town of Waterford, Connecticut.
Rose Marie Boyd appeared pro se and was ultimately defaulted for failure to plead on April 6, 1992, on which date the court ordered a foreclosure by sale. At that time the property was found to have a value of $335,000.00 and the debt to the plaintiff was found to be in the amount of $303,129.64. Thereafter, as a result of a motion of the plaintiff and for the reasons stated therein, a judgment was reopened and on March 22, 1993 the court granted a judgment of strict foreclosure finding the debt to be in the amount of $336,090.95 and the fair market value of the property to be $335,000.00. A motion by the defendant Rose Marie Boyd to reopen the judgment of strict foreclosure was denied by the court on August 2, 1993.
On August 17, 1993, the plaintiff moved for a deficiency judgment alleging the difference between the value of the property of $335,000.00 and the debt which was found to be $336,090.95 plus fees and costs. Thereafter, the defendant Rose Marie Boyd, on January 6, 1994, filed a Motion for Permission to File a Claim for the Jury Trial List "regarding the legal issues raised by the plaintiff's claim for a deficiency judgment awarding monetary damages." The plaintiff filed an objection on September 1, 1994. The parties were both represented by counsel in connection with the motion and were ordered to file briefs pursuant to a briefing schedule established by the court. The defendant, in her memorandum, points first to the fact that Section 49-14 of the Connecticut General Statutes, addressing the subject of a deficiency judgment, requires that a value be obtained at that time for the mortgage property. The plaintiff also points to Article1, Section 19 of the Connecticut Constitution which has CT Page 1048 determined that the right to a trial by jury shall "remain inviolate. . ."
The defendant, thereafter, presents two arguments. First, she claims the right to have a jury make a finding on the factual question related to establishing both the value of the property and secondly, the amount of the plaintiff's claim.
The second argument advanced, in the alternative, is that even if the defendant does not have a right to a jury trial, the court has the discretion to empanel a jury to decide questions of fact which are raised by this factual situation and, it is claimed, should do so in this situation.
No case has been cited for the proposition advanced by the defendant Rose Marie Boyd.
The plaintiff claims that the defendant does not have a right to a jury trial in this foreclosure case and cites the Superior Court decision of Federal Deposit InsuranceCorporation v. Voll, 12 Conn. L. Rptr. 4, 1-5 (August 22, 1994) (Pittman, J.).
The court, having carefully reviewed the respective arguments, of the parties finds persuasive the reasoning of the court in the Federal Deposit Insurance Corporation case.
For that reason the Motion for Permission to Claim the Case for a Jury is denied.
Leuba, J.